IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| QUIKSILVER, INC., ET AL., | |
| Plaintiffs, | |
| v. | CIVIL NO.: 08-1912 (CCC/MEL) |
| TITO'S PERFUMES, ET AL., | |
| Defendants. | |

**OPINION AND ORDER**

**I.  PROCEDURAL BACKGROUND**

On the August 18, 2008, plaintiffs filed a motion for a temporary restraining order and an order for seizure, in conjunction with their original complaint. (Docket 3; Docket 4.) On August 19, 2008, the court granted plaintiffs' motion and numerous searches and seizures were carried out by plaintiffs' agents and U.S. Marshals. (See Docket 12; Docket 138; Docket 143.) On September 12, 2008, plaintiffs Quiksilver, Inc. ("Quiksilver"), Volcom, Inc. ("Volcom"), and Fox Head Inc.("Fox Head"), filed an amended complaint against numerous defendants, including Carlos Negrón ("Negrón"), alleging trademark infringement claims pursuant to 15 U.S.C. § 1114 and 15 U.S.C. § 1125. (Docket 50 at ¶¶ 78, 96.) On December 8, 2008, plaintiffs filed a motion for summary judgment as to the issue of defendants' liability. (Docket 104.) In response to the motion for summary judgment, Negrón filed a motion to suppress evidence on Fourth Amendment grounds. (Docket 138 at 1-2.) Plaintiffs filed a response to this motion requesting that the court order Negrón to file certified English translations of his exhibits. (Docket 143 at 1.)[1]

---

[1] While plaintiffs are correct that Negrón incorrectly submitted Spanish language documents contrary to Local Rule 10(b), the court need not address this issue. As discussed below, the allegations contained in Negrón's motion to suppress evidence are insufficient to invoke the protection of the Fourth Amendment. Given that Negrón's motion to suppress was filed on February 20, 2009, and that he has had an ample opportunity to submit certified translations, the

Quiksilver, Inc., et al. v. Tito's Perfumes, et al.
Civil No. 08-1912 (CCC/MEL)
Opinion and Order

**II.   LEGAL ANALYSIS**

It is a well established principle that a defendant that seeks suppression of evidence needs to make a showing that he has standing to make such request. Ultimately the inquiry centers on whether the person requesting suppression of evidence has a "reasonable expectation of freedom from governmental intrusion." Mancusi v. DeForte, 392 U.S. 364 (1968). "[F]or a defendant to have standing upon a motion to suppress it is not sufficient that he 'claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed as someone else'; rather, he 'must have been a victim of the search or seizure.' 5 WAYNE R. LAFAVE, SEARCH AND SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 11.3(e) (3d ed. 1996) (quoting Jones v. United States, 362 U.S. 257, 261 (1960), overruled on other grounds by United States v. Salvucci, 448 U.S. 83, 84-85 (1980)).

In the present case, Negrón requests the suppression of counterfeit merchandise found during a search carried out pursuant to the court's order for seizure. (See Docket 12; Docket 138.) The allegations in Negrón's motion to suppress evidence, however, indicate that he has no standing to assert this Fourth Amendment claim. Negrón alleges that plaintiffs' agents and U.S. Marshals searched his place of business, located in the first floor of a building at 1048 Los Astros Street, Golden Hills Development, Dorado, Puerto Rico. (Docket 138 at 2-3.) Negrón further alleges that after no counterfeit merchandise was found at his place of business, plaintiffs' agents and U.S. Marshals demanded to search the second floor of the building. Id. at 3. Negrón alleges that the units

---

court will not take into account any untranslated exhibits for the purposes of this order.

Quiksilver, Inc., et al. v. Tito's Perfumes, et al.
Civil No. 08-1912 (CCC/MEL)
Opinion and Order

on the second floor of the building "were two separate facilities, with separate entrances used only as residence," that the second floor premises did not belong to him, and that at the time of the search he stated "that he had no keys to said apartments and that they were not under his control." Id. at 2-4.[2] Plaintiffs' agents and U.S. Marshals entered the second floor premises and seized allegedly counterfeit merchandise which Negrón claims does not belong to him. Id. Given that Negrón alleges he had no control over the second floor of the building, did not have the means to enter those premises, and had no interest or involvement with the merchandise seized, he clearly had no reasonable expectation of privacy with regard to said evidence.

**III.   CONCLUSION**

For the reasons explained above, Negrón's motion to suppress evidence (Docket 138) is hereby DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of May, 2009.

                                                                s/Marcos E. López
                                                                U.S. MAGISTRATE JUDGE

---

[2] Even if, *arguendo*, Negrón actually owned the second floor apartments, his surrender of control to said premises "encroaches upon his expectation of privacy." See LAFAVE, supra, at § 11.3(a).

3