IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| QUICKSILVER, INC. VOLCOM,INC. and FOX HEAD, INC.<br><br>Plaintiffs<br><br>vs<br><br>JESUS SANTIAGO d/b/a TITO'S PERFUMES, OSCAR RODRIGUEZ d/b/a OSCAR IMPORTS HECTOR FIGUEROA KHURI d/b/a ZAKKOS AL POR MAYOR, EDGAR FIGUEROA KHURI and MARIEN A. MARTINEZ d/b/a ZAKKOS PLATA AL POR MAYOR a/k/a OUTLET BY ZAKKOS PLATA, SALVATORE D. TROIA, EDUARDO HERNANDEZ d/b/a PRINCESS INTERNATIONAL, NAYDA M. CRUZADO-CALDERON d/b/a CRUZADO CALDERON ENTERPRISE a/k/a BEBA'S SHOP ALEJANDRO NOGUERAS-SALINAS d/b/a TIENDA LA PESETA, PEDRO DUMONT d/b/a TIENDA D & R PASSION, JOSE L. SANTIAGO-TALAVERA d/b/a INDY PERFORMANCE, DISTRIBUIDORA NACIONAL BORICUA, JOSE GARCIA OYOLE d/b/a MARY & JOE FANTASY a/k/a MARY & JOE DISTRIBUTORS, LIDYO CORNIELL MATOS d/b/a YOLMAN IMPORTS, NICOLAS GONZALEZ-BERRIOS d/b/a GOLD CITY WHOLESALE, MARCELINO SILVESTRE d/b/a SILVESTRE IMPORT, MARIEL NEGRON d/b/a BOOM OUTLET, JOSE MANUEL MARTINEZ d/b/a BOROQUA EAGLES, ARNALDO FIGUEROA d/b/a TOQUE DE CACHE, NELSON RIVERA d/b/a EVERYBODY'S FASHION, LA PESETA FANTASY ACCESSORIES, MUNDOS DE LOS RELOJES, BIENVENNIDO VELAZQUEZ-DAVILA d/b/a POCHY COMMERCIAL, INC.; | CIVIL 08-1912CCC |

CIVIL 08-1912CCC                                    2

LUIS A. CORTEZ-RIVERA d/b/a LAC IMPORTS,
ANTONIO CAMACHO RIVERA d/b/a EL MUNDO DE LA MODA, IVAN RIOS-ORTIZ d/b/a YES T-SHIRTS, ANTONIO CORTES DIAZ d/b/a CHANCE VIVE,
IRVIN JAVIER FLORES-RIVERA d/b/a JAYDAN IMPORTS,
JONATHAN MARTINEZ-FLORES d/b/a BETHEL OUTLET, ROBERTO C. BAEZ-DIAZ d/b/a MILLIONAIRE'S CLUB,
RODOLFO SULIA d/b/a TIENDA ALIUS INTERNATIONAL,
RAFAEL BORGE d/b/a EMPRESAS BORGE,
CLAUDIO CABRAL and MILAGROS ESTRELLA d/b/a MELANI IMPORTS,
JORGE VELAZQUEZ and NAYDA E. COLON ESCALANTO d/b/a NAYDA'S IMPORTS,
NEYSA DIAZ-PEREZ d/b/a MICHAEL'S IMPORT WHOLESALE,
CARMEN TORRES d/b/a T-SHIRTS SPECIALTIES, JANIDA REYES d/b/a THE FACTORY OUTLET, JUAN BURGOS-MARTINEZ d/b/a JANYS IMPORTS,
IVETTE RIVERA-RIVERA d/b/a IVETTE HAND BAGS AND ACCESSORIES a/k/a RN DISTRIBUTORS, WANDA RIVERA-ORTIZ d/b/a FANTASY OUTLET, INC.;
CARMEN QUIÑONES-VELAZQUEZ d/b/a A.I.Q DESIGN, FANTASIA Y ACCESORIOS, SANTA RIJOS-MEJIAS d/b/a GENTE LINDA, MIGUEL MEJIAS-RONDON d/b/a BELLECITA, ALI BETANCOURT d/b/a AMANI IMPORTS, INC., JUAN RIVERA and OMAYRA DIAZ d/b/a CENTRO IMPORT, WILFREDO SOTOMAYOR-RIVERA d/b/a CRAZY GRAPHICS, CAR CONNECTION, SAID MOHAMED d/b/a JEANS 4 YOU, BIG SAVE, CARLOS NEGRON D/B/A JAN C. HANDBAGS, FRANCISCO COLON d/b/a BLAS AUTO DESIGN,

CIVIL 08-1912CCC                            3

| JOEL ARROYO d/b/a JA DISTRIBUTORS, MANUEL FARINACCI-MORALES d/b/a FARINACCI IMPORT, 24 DISTRIBUTORS, INC., VALENTIN CABRERA PEREZ and ALTAGRACIA PEREZ SANCHEZ d/b/a VALE'S IMPORTS, VARIEDADES Y ALGO MAS, DANNY SPORTS IMPORTS, MODA Y ESTILO IMPORTS, SUPERMERCADO DE NOVEDADES, DIONISIO ACOSTA d/b/a DIONISIO IMPORTS, ISABEL IVONNE COCA-HERNANDEZ d/b/a THE NEW CONCEPT, ANGEL J. TORRES-ACEVEDO d/b/a ANGIE'S IMPORTS, and JOSE COCA d/b/a JC MANUFACTURING Defendants | |
|---|---|

**OPINION AND ORDER**

Before the Court is plaintiffs' Motion for Summary Judgment on the Issue of Liability against defendants 24 Distributors, Inc.; Danny Sports Imports; Joel Arroyo d/b/a JA Distributors; Carlos Negron d/b/a January C. Handbags; Jose Coca d/b/a JC Manufacturing; Moda Y Estilo Imports; Bienvenido Velazquez Davila d/b/a Pochy Commercial, Inc.; Eduardo Hernandez d/b/a Princess International; Rafael Borge d/b/a/ Empresas Borge; Salvatore D. Troia; Neysa Diaz Perez d/b/a Michael's Imports; Ivette Rivera Rivera d/b/a Ivette Hand Bags and Accessories a/k/a RN Distributors; Valentin Cabrera Perez and Altagracias Perez Sanchez and their conjugal partnership, d/b/a Vale's Imports; Isabel Ivonne Coca Hernandez d/b/a/ the New Concept; and Carmen Quinonez Velazquez d/b/a I.Q. Design. **(docket entry 104)** (to be referred to as the "SJ defendants"). Defendants opposing the motion were Salvatore Troia (docket entry 129) and Carlos Negron (docket entry 141).[1]

---

[1] The two oppositions are based on allegations that the search of the premises included areas outside the scope of the Court's order and that the declarations on which the seizure orders were issued contained false information. Motions in Limine "to Suppress" were filed by Troia (docket entry 125) and Negron(docket entry 138). Said motions were referred to the Magistrate Judge, who issued orders denying them. See, docket entries179 and 161, respectively. Troia's Motion for Reconsideration (docket entry 185) was also

CIVIL 08-1912CCC                                              4

The plaintiffs are well known apparel and accessories companies, each of which owns one or more trademarks. They have pleaded causes against the SJ defendants from trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C.§1051 et seq. Plaintiffs allege that these defendants have unlawfully engaged in the manufacture, duplication, distribution, sale, or offer for sale of counterfeit merchandise bearing exact copies or colorable duplications of their trademarks. As a result of these alleged activities, plaintiffs filed this action on August 18, 2008.

The plaintiffs attached copies of their trademark registrations to the complaint. Under federal law, a registered trademark is prima facie evidence of the registrant's exclusive right to use the mark in commerce in connection with the goods or serv ices specified in the certificate of registration. Pic Design Corp. v. Bearings Specialty Co., 436 F.2d 804, 807 (1st Cir. 1971). Plaintiffs have also provided declarations which state that counterfeit merchandise was purchased from the corresponding SJ defendants and that none of them have been authorized to manufacture, sell, distribute, or offer for sale merchandise bearing the plaintiffs' trademarks.

**Summary Judgment Standard**

Summary Judgment is proper "if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to a judgment as a matter of law." Rule 56 of the Federal Rules of Civil Procedure; Sands v. Ridefilm Corp., 212 F.3d. 657, 660-61 (1st Cir. 2000); Barreto-Rivera v. Medina Vargas, 168 F.3d. 42, 45 (1st Cir. 1999). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. DeNovellis v. Shalala,124 F.3d. 298, 306 (1st Cir. 1997).  The nonmoving party must establish the existence of at least one relevant  and material fact in dispute to defeat such a motion.

---

denied (docket entry 190).

CIVIL 08-1912CCC                                5

Brennan v. Hendrigan, 888 F.2d 129 (1st Cir. 1989).      The purpose of a summary judgment motion is to "pierce the boilerplate of the pleadings and assay the parties proof in order to determine whether trial is actually required." Wynne v. Tufts University, 976 F.2d 791,794 (1st Cir. 1992). The Court must look at the record in the light most favorable to the non-moving party; however the Court need not rely on unsubstantiated allegations. Rather, the non-moving party may only overcome the motion with evidence sufficient to raise a genuine issue of fact that is both relevant and material.  See, Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988); Cruz v. Crowley Towing, 807 F.2d 1084 (1st Cir. 1986). That is, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion [...]." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

The contents of the two oppositions, accompanying statements of "contested facts" and Troia's exhibits, however, do not address the contents of plaintiffs' motion. Rather, they are based on contentions that have been rejected by the Court in its decision on the Motion to Suppress, see, footnote1, supra.

Local Rule 56(c) requires "a party opposing a motion for summary judgment to accept, deny, or qualify each entry in the movant's statement of material facts paragraph by paragraph and to support any denials, qualifications, or new assertions by particularized citations to the record." Cabán Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 6-7 (1st Cir. 2007). If the party opposing summary judgment fails to comply with Local Rule 56(c), "the rule permits the district court to treat the moving party's statement of facts as uncontested." Alsina-Ortiz v. Laboy, 400 F.3d 77, 80 (1st Cir. 2005).

The purpose of this "anti-ferret rule" is to require the parties to focus the district court's attention on what is, and what is not, genuinely controverted. Id., see also Cabán Hernández, supra, at 7. Otherwise, the parties would improperly shift the burden of organizing the evidence presented in a given case to the district court Id., at 8; Alsina-Ortiz, supra, at 80. Given Local Rule 56(c)'s important purpose, the Court of Appeals

CIVIL 08-1912CCC                                        6

has repeatedly upheld its enforcement, stating that litigants ignore it "at their peril." Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 4 (1st Cir. 2003). Local Rule 56(c) requires "a party opposing a motion for summary judgment to accept, deny, or qualify each entry in the movant's statement of material facts paragraph by paragraph and to support any denials, qualifications, or new assertions by particularized citations to the record." Cabán Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 6-7 (1st Cir. 2007). If the party opposing summary judgment fails to comply with Local Rule 56(c), "the rule permits the district court to treat the moving party's statement of facts as uncontested." Alsina-Ortiz v. Laboy, 400 F.3d 77, 80 (1st Cir. 2005).

The Circuit Court has previously held that submitting an "alternate statement of facts," rather than admitting, denying, or qualifying a movant's assertions of fact "paragraph by paragraph as required by Local Rule 56(c)," justifies the issuance of a "deeming order," which characterizes movant's assertions of fact as uncontested. Id. Inasmuch as the plaintiffs' statement of material facts have not been contested as required by Local Rule 56(c), they are deemed uncontested.

Having considered the Statement of Uncontested Facts and the corresponding supporting evidence contained in the aggregate exhibits 1, 2-A, 2-B, and 2-C of docket entry 105, as to each defendant, the Court makes the following findings with regard to the SJ defendants' liability:

Defendant **24 Distributors, Inc.** is liable for the violation of plaintiff' **Quicksilver**'s "Roxy" trademarks pursuant to 15 U.S.C.§1114(a;)

Defendant **Danny Sports Imports** is liable for the violation of plaintiffs **Quicksilver**'s "Roxy"and **Volcom's** "Volcom" trademarks pursuant to 15 U.S.C.§1114(a);

Defendant **Joel Arroyo d/b/a JA Distributors** is liable for the violation of plaintiff **Quicksilver**'s "Roxy" trademark pursuant to 15 U.S.C.§1114(a)

Defendant **Carlos Negron d/b/a January C. Handbags** is liable for the violation of

CIVIL 08-1912CCC                                   7

plaintiffs **Quicksilver**'s "Roxy" and **Volcom's** "Volcom" trademarks pursuant to 15 U.S.C.§1114(a)**;**

Defendant **Jose Coca d/b/a JC Manufacturing** is liable for the violation of plaintiffs **Quicksilver**'s "Quicksilver and "Roxy" and **Volcom's** "Volcom" trademarks pursuant to 15 U.S.C.§1114(a)**;**

Defendant **Moda Y Estilo Imports** is liable for the violation of plaintiff **Quicksilver**'s "Roxy" trademark pursuant to 15 U.S.C.§1114(a)**;**

Defendant **Bienvenido Velazquez Davila d/b/a Pochy Commercial, Inc...** is liable for the violation of plaintiffs **Quicksilver**'s "Quicksilver" and "Roxy," and **Volcom's** "Volcom" trademarks pursuant to 15 U.S.C.§1114(a)**;**

Defendant **Eduardo Hernandez d/b/a Princess International** is liable for the violation of plaintiffs **Quicksilver**'s "Roxy" trademarks pursuant to 15 U.S.C.§1114(a)**;** Defendant **Rafael Borge d/b/a/ Empresas Borge** is liable for the violation of plaintiffs **Quicksilver**'s "Roxy" trademarks pursuant to 15 U.S.C.§1114(a)**;**

Defendant **Salvatore D. Troia** is liable for the violation of plaintiffs **Quicksilver**'s "Roxy" trademarks pursuant to 15 U.S.C.§1114(a)**;**

Defendant **Neysa Diaz Perez d/b/a Michael's Imports** is liable for the violation of plaintiffs **Quicksilver**'s "Roxy" trademarks pursuant to 15 U.S.C.§1114(a)**;**

Defendant **Ivette Rivera Rivera d/b/a Ivette Hand Bags and Accessories a/k/a RN Distributors** is liable for the violation of plaintiffs **Quicksilver**'s "Roxy" trademarks pursuant to 15 U.S.C.§1114(a)**;**

Defendants **Valentin Cabrera Perez and Altagracias Perez Sanchez and their conjugal partnership, d/b/a Vale's Imports** is liable for the violation of plaintiffs **Quicksilver**'s "Roxy" trademarks pursuant to 15 U.S.C.§1114(a)**;**

Defendant **Isabel Ivonne Coca Hernandez d/b/a/ the New Concept** is liable for the violation of plaintiffs **Quicksilver**'s "Roxy" trademarks pursuant to 15 U.S.C.§1114(a)**; and**

CIVIL 08-1912CCC                              8

Defendant **Carmen Quinonez Velazquez d/b/a I.Q. Design** is liable for the violation of plaintiffs **Quicksilver**'s "Roxy" trademarks pursuant to 15 U.S.C.§1114(a).

The issue of damages is referred to the Magistrate-Judge for a hearing and report and recommendation.

SO ORDERED.

At San Juan, Puerto Rico, on July 17, 2009.


                                                                S/CARMEN CONSUELO CEREZO
                                                                United States District Judge