IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| QUICKSILVER, INC. VOLCOM,INC. and FOX HEAD, INC.<br><br>Plaintiffs<br><br>vs<br><br>JESUS SANTIAGO d/b/a TITO'S PERFUMES, OSCAR RODRIGUEZ d/b/a OSCAR IMPORTS HECTOR FIGUEROA KHURI d/b/a ZAKKOS AL POR MAYOR, EDGAR FIGUEROA KHURI and MARIEN A. MARTINEZ d/b/a ZAKKOS PLATA AL POR MAYOR a/k/a OUTLET BY ZAKKOS PLATA, SALVATORE D. TROIA, EDUARDO HERNANDEZ d/b/a PRINCESS INTERNATIONAL, NAYDA M. CRUZADO-CALDERON d/b/a CRUZADO CALDERON ENTERPRISE a/k/a BEBA'S SHOP ALEJANDRO NOGUERAS-SALINAS d/b/a TIENDA LA PESETA, PEDRO DUMONT d/b/a TIENDA D & R PASSION, JOSE L. SANTIAGO-TALAVERA d/b/a INDY PERFORMANCE, DISTRIBUIDORA NACIONAL BORICUA, JOSE GARCIA OYOLE d/b/a MARY & JOE FANTASY a/k/a MARY & JOE DISTRIBUTORS, LIDYO CORNIELL MATOS d/b/a YOLMAN IMPORTS, NICOLAS GONZALEZ-BERRIOS d/b/a GOLD CITY WHOLESALE, MARCELINO SILVESTRE d/b/a SILVESTRE IMPORT, MARIEL NEGRON d/b/a BOOM OUTLET, JOSE MANUEL MARTINEZ d/b/a BOROQUA EAGLES, ARNALDO FIGUEROA d/b/a TOQUE DE CACHE, NELSON RIVERA d/b/a EVERYBODY'S FASHION, LA PESETA FANTASY ACCESSORIES, MUNDOS DE LOS RELOJES, BIENVENNIDO VELAZQUEZ-DAVILA d/b/a POCHY COMMERCIAL, INC.; | CIVIL 08-1912CCC |

CIVIL 08-1912CCC                                    2

LUIS A. CORTEZ-RIVERA d/b/a LAC IMPORTS,
ANTONIO CAMACHO RIVERA d/b/a EL MUNDO DE LA MODA, IVAN RIOS-ORTIZ d/b/a YES T-SHIRTS, ANTONIO CORTES DIAZ d/b/a CHANCE VIVE,
IRVIN JAVIER FLORES-RIVERA d/b/a JAYDAN IMPORTS,
JONATHAN MARTINEZ-FLORES d/b/a BETHEL OUTLET, ROBERTO C. BAEZ-DIAZ d/b/a MILLIONAIRE'S CLUB,
RODOLFO SULIA d/b/a TIENDA ALIUS INTERNATIONAL,
RAFAEL BORGE d/b/a EMPRESAS BORGE,
CLAUDIO CABRAL and MILAGROS ESTRELLA d/b/a MELANI IMPORTS,
JORGE VELAZQUEZ and NAYDA E. COLON ESCALANTO d/b/a NAYDA'S IMPORTS,
NEYSA DIAZ-PEREZ d/b/a MICHAEL'S IMPORT WHOLESALE,
CARMEN TORRES d/b/a T-SHIRTS SPECIALTIES, JANIDA REYES d/b/a THE FACTORY OUTLET, JUAN BURGOS-MARTINEZ d/b/a JANYS IMPORTS,
IVETTE RIVERA-RIVERA d/b/a IVETTE HAND BAGS AND ACCESSORIES a/k/a RN DISTRIBUTORS, WANDA RIVERA-ORTIZ d/b/a FANTASY OUTLET, INC.;
CARMEN QUIÑONES-VELAZQUEZ d/b/a A.I.Q DESIGN, FANTASIA Y ACCESORIOS, SANTA RIJOS-MEJIAS d/b/a GENTE LINDA, MIGUEL MEJIAS-RONDON d/b/a BELLECITA, ALI BETANCOURT d/b/a AMANI IMPORTS, INC., JUAN RIVERA and OMAYRA DIAZ d/b/a CENTRO IMPORT, WILFREDO SOTOMAYOR-RIVERA d/b/a CRAZY GRAPHICS, CAR CONNECTION, SAID MOHAMED d/b/a JEANS 4 YOU, BIG SAVE, CARLOS NEGRON D/B/A JAN C. HANDBAGS, FRANCISCO COLON d/b/a BLAS AUTO DESIGN,

CIVIL 08-1912CCC                                    3

| |
|---|
| JOEL ARROYO d/b/a JA DISTRIBUTORS,<br>MANUEL FARINACCI-MORALES d/b/a FARINACCI IMPORT,<br>24 DISTRIBUTORS, INC.,<br>VALENTIN CABRERA PEREZ and ALTAGRACIA PEREZ SANCHEZ d/b/a VALE'S IMPORTS,<br>VARIEDADES Y ALGO MAS, DANNY SPORTS IMPORTS, MODA Y ESTILO IMPORTS, SUPERMERCADO DE NOVEDADES,<br>DIONISIO ACOSTA d/b/a DIONISIO IMPORTS, ISABEL IVONNE COCA-HERNANDEZ d/b/a THE NEW CONCEPT,<br>ANGEL J. TORRES-ACEVEDO d/b/a ANGIE'S IMPORTS, and<br>JOSE COCA d/b/a JC MANUFACTURING |

Defendants

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion and Memorandum to Dismiss Salvatore Troia's and Magalys Hernandez' Counterclaim **(docket entry 78)** for failure to state a claim pursuant to Fed.R.Cv.P.12(b)(6). Troia and Hernandez (collectively referred to as "Troia") opposed the motion (docket entry 88). The facts giving rise to this motion to dismiss are as follows:

Plaintiffs brought this action for trademark infringement on August 18, 2008. Shortly thereafter, they obtained an order for search and seizure of counterfeit goods bearing plaintiffs' registered trademarks. Troia's business was the object of one such order. As a result of the search, thirteen pieces of jewelry[1] were seized from Troia's premises.

Troia alleges that the order was issued based on fraudulent representations, that the U.S. Marshals and plaintiffs' agents searched areas outside of the scope of the order and seized some personal jewelry belonging to Troia's wife that was taken from her dresser and closet. That is, the jewelry was not merchandise to be sold by the business.

Based on the above, Troia filed the counterclaim under Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A.§5141, for emotional damages and mental suffering affecting him

---

[1] See, Motion for Reconsideration, docket entry 185, page 3.

CIVIL 08-1912CCC                              4

and his family, infringement of their right to privacy, interference with his legitimate business activities, medical expenses he incurred as a result of his trauma and damages to his ability to work and earn an income.

**Standard for Motion to Dismiss**

Challenges to the sufficiency of a counterclaim under Rule 12 are subject to the same rules as when they are directed toward an original complaint. Microsoft Corp. V. Computer Warehouse, 83 F. Supp. 2d 256, 257 n.1 (D. Puerto Rico 2008). Therefore, complaints, and counterclaims, need only satisfy the simple requirements of Federal Rule of Civil Procedure 8(a) Velez-Rivera v. Agosto Alicea, 437 F.3d.145, 151 (1st Cir. 2006) quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Swierkiewicz requires only a short and plain statement to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Plaintiffs however must plead enough for a necessary inference to be reasonable drawn. Marrero-Gutierrez v. Molina, 491 F.3d. 1, 9 (1st Cir. 2007); see, also, Bell Atlantic Corp.v. Twombly 127 U.S.1955 (2007) (rephrasing the standards under Rule 12 (b)(6)).

**Analysis**

The same allegations of the counterclaim served as the basis for Troia's motion in limine, erroneously entitled "Motion to Suppress." (Docket entry 125), which plaintiffs opposed. (Docket entry 139). That motion was referred to a Magistrate-Judge who, on June 16, 2009, issued an opinion and order (docket entry 179), in which he determined, at page 3, that "the scope of the order could reasonably include searching a unit on the second floor belonging to Troia." He then denied the motion in limine. Troia subsequently filed a Motion for Reconsideration (docket entry 185), which was also denied (Docket entry 190).

The Court having found that the scope of the search of the premises fell within the

CIVIL 08-1912CCC                                        5

description in the seizure order, and that Troia did not specifically raise or argue the issue of the allegedly false representations in Wanda Rivera's declaration in support of order, he declined to address the issue for the first time on reconsideration[2].

Troia's allegations having already been rejected by the Court in its ruling on his motion in limine to suppress, they cannot not support the Article 1802 counterclaim. Accordingly, plaintiffs' Motion to Dismiss **(docket entry 78)** is GRANTED and Troia's counterclaim is DISMISSED.

SO ORDERED.

At San Juan, Puerto Rico, on July 23, 2009.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge

---

[2]Troia also raises an entirely new matter in the motion for reconsideration: that Wanda Rivera, an employee of C.R.I., the private investigation firm whose declaration was used in support of the request for the seizure order, was not a licensed detective and, therefore, acted in direct violation of Puerto Rico Law 108 of June 29, 1965, regulation 3741. Said regulation requires that in order to act as a private detective, an employee of a detective agency must have a license. Inasmuch as a party may not, in a motion for reconsideration, advance new arguments should have been presented prior to the court's original ruling, see, Cochran v. Quest Software, Inc., 328 F.3d. 1,11 (1st Cir. 2003), the Magistrate did not address this issue.